GEORGE C. HUBBELL *vs.* GRAHAM A. ROOT.

If articles of personal property which, by reason of their bulk, or other cause, cannot immediately be removed, are attached in the manner provided in Rev. Sts. *c.* 90, § 33, and the officer is guilty of no misconduct or neglect of duty respecting it, he is not responsible as if they were in his actual custody, if, without his consent or knowledge, they are afterwards removed, so that they cannot be found to be taken on execution.

TORT against the sheriff of Berkshire county, for the default of his deputy, in not keeping property attached, which, by reason of its nature and bulk, could not easily be removed.   At the trial in the superior court, before *Rockwell,* J., a verdict was returned for the plaintiff, and the defendant alleged exceptions to the rulings of the judge.   The facts are stated in the opinion.

*J. D. Colt,* for the defendant.

*M. Wilcox,* for the plaintiff, cited *McK Ormsby* v. *Morris,* 29 Verm. 417; *Smith* v. *Church,* 27 Verm. 168; *Browning* v. *Hanford,* 5 Denio, 586.

HOAR, J.   The exceptions show that an attachment was made by the defendant's deputy, upon the original writ, in the manner permitted by Rev. Sts. *c.* 90, § 33; and that the property thus attached was removed and sold by the debtor, without the knowledge or consent of the officer who made the attachment.

16*

so that it could not be found to be taken on execution. There is no statement of any proof or claim that the officer was guilty of any negligence or official misconduct, or that the loss of the property could have been prevented by any care on his part, without retaining the possession. The language of the statute is this: "Such attachment shall be equally valid and effectual, as if the articles had been retained in the possession and custody of the officer." We think it follows clearly that property thus attached, although a lien is created upon it for the benefit of the creditor, is not to be regarded as in the possession or custody of the officer, and that no such responsibility devolves upon him as if it were. The provision is one which in many cases is highly advantageous to both the creditor and the debtor. It tends to save expense, which would fall upon the creditor, if he should fail in his suit, or if his attachment were inadequate; and both expense and annoyance to the debtor, where he is liable. Even if it diminishes or endangers, to some extent, the security of the creditor, it may be generally beneficial: and the right to make an attachment upon mesne process is not one which is universally regarded with favor.

In the great majority of instances, such an attachment would probably be effectual; and where the property is wrongfully removed, the creditor would have the remedy by an action in the name of the officer against the wrongdoer.

We do not mean to imply, by sustaining these exceptions, that the attaching officer might not be responsible for any neglect or misconduct in relation to the property. If there were any collusion with the debtor, wrongful omission to make the attachment known to him, or neglect of interfering to protect the property, when, by a change of circumstances, its removal and reduction into the officer's possession became proper or necessary, the rule might be different. We only decide that the officer is not responsible as if the goods were in his actual custody, and the case must be submitted to the jury with instructions in conformity to this view of the law.

*Exceptions sustained.*